UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:13-CR-259 |
| | ) | |
| v. | ) | (Judge Sylvia H. Rambo) |
| | ) | |
| **MICHAEL CLARKE** | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Child pornography is devoid of any trace of social value and it inflicts serious and reprehensible harm upon the children exploited in its production. Defendant Clarke has a deviant interest in sexually abusing children - vaginally, anally and orally raping young children. Clarke's interests include producing, collecting and viewing images and videos of children being sexually abused, including prepubescent minors performing sex acts, and children as young as toddlers being raped, bound and penetrated by adults. Clarke also enjoys surreptitiously recording young girls without their knowledge, for his sexual gratification. The United States requests the Court impose a sentencing that reflects the seriousness of the defendant's conduct. The United States respectfully requests a sentence of 840 months.

Clarke objects to the application of the obstruction of justice enhancement, the repeat and dangerous sex offender enhancement and laments the lack of application of the two level reduction because he did not distribute the vile images he created. Clarke also argues that he deserves a downward variance because of his background. The United States respectfully disagrees. No downward variance is warranted in this case, given (1) the abuse suffered by victim 1, (2) the abuse suffered by victim 2 and (3) the extent and nature of the defendant's child pornography collection.

1

I.  **PROCEDURAL HISTORY**

On April 20, 2016, a grand jury sitting in Harrisburg returned a three count Indictment against Clarke charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a)(Count 1), Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B)(Count 2), and Transporting Child Pornography in violation of 18 U.S.C. § 2252(a)(1)(Count 3).  On November 15, 2016, Clarke pleaded guilty pursuant to a written plea agreement to all counts in the indictment.  Sentencing is currently scheduled for October 25, 2017.

The United States Probation Office prepared a Pre-Sentence Investigation Report and determined Clarke has a Criminal History Category I and a total offense level of 43.  PSR ¶95.  Therefore, he would face a sentence of life in prison.  However, because the combined statutory maximum for the charges Clarke pled to is a term of imprisonment of 70 years, the advisory guidelines call for a sentence of 840 months.  PSR ¶95.  In his Sentencing Memorandum, the defendant requests a variance below the 840 months.  The United States respectfully requests a sentence of 840 months.

II.  **ARGUMENT**

In his sentencing memorandum, Clarke objects to the application of the two-level enhancement for obstruction of justice pursuant to U.S.S.G. §3C1.1.  He also argues that he deserves a downward variance because of his background.

A.  **The obstruction of justice enhancement is appropriately applied in this case.**

The defendant objects to the application of the two-level enhancement for obstruction of justice pursuant to U.S.S.G. §3C1.1.  *See* Defendant's Sentencing Memorandum at *4.

However, even if this enhancement does not apply, the applicable guideline range does not change. *See* Addendum to the PSR ¶1.

A two-level enhancement applies pursuant to U.S.S.G. §3C1.1 "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to an investigation, prosecution or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct or (B) a closely related offense." As the probation officer noted in her response to defendant's objections, the defendant clearly obstructed or impeded the ongoing investigation, or attempted to, by removing the bed where he had assaulted Victim 1 in his residence. On July 30, 2015, Victim 1 disclosed the sexual abuse by Clarke, and on that same date, Children and Youth Services performed a safety check at the Clarke residence, making contact with Michael Clarke. *See* PSR ¶31. Eleven days later, Victim 1 was interviewed by Children and Youth Services and twelve days later, law enforcement finally executed a search warrant at the Clarke residence, where Victim 1 disclosed that most of the sexual assaults had been occurring. *See* PSR ¶32. On August 12, 2015, when law enforcement executed the search warrant, the officers documented in their reports that the bedroom where Victim 1 reported being assaulted was now no longer Clarke's bedroom, but was a spare room and the "new" master bedroom was completely renovated. *See* PSR ¶ 32.

Application 4(D) to U.S.S.G. §3C1.1 provides that one example of conduct that this enhancement applies to includes "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding…or attempting to do so…" Clarke clearly intended to hide the bed from law

enforcement, because law enforcement had questioned him about the bed. Therefore, the enhancement should apply in this case.

### B. A two level reduction pursuant to U.S.S.G. §2G2.2(b)(1) does not apply.

Clarke also objects to the failure to apply the two-level reduction for having no intent to distribute pursuant to U.S.S.G. §2G2.2(b)(1). However, even if this reduction does apply, the applicable guideline range does not change. The government concedes that there is no evidence that Michael Clarke produced these vile videos with any intent to distribute them. However, that fact alone does not warrant the application of the two level reduction at §2G2.2(b)(1). This reduction is applicable to cases where the defendant's conduct was limited to receipt of child pornography only. That is most certainly not the situation here. Clarke not only produced child pornography, he transported it across state lines - both charges he pleaded guilty to in this Indictment at Counts 1 and 3. In addition, Clarke engaged in an ongoing pattern of abusing these two victims for years, which included the rape of Victim 1 repeatedly for seven years. This is not the type of case in which a defendant can avail himself of a two level reduction because the government cannot prove distribution. Therefore, the probation officer properly withheld this reduction.

### C. A five level enhancement pursuant to U.S.S.G. §4B1.5(b)(1) is applicable.

Clarke also objects to the application of the five-level enhancement for being a repeat and dangerous sex offender against minors pursuant to U.S.S.G. §4B1.5(b)(1). However, even if this enhancement does not apply, the applicable guideline range does not change.

A five level enhancement applies regarding repeat and dangerous sex offenders against minors pursuant to U.S.S.G. §4B1.5(b)(1) if:

- it involves a covered sex crime;

- career offender guidelines and U.S.S.G. §4B1.5(a)(1) do not apply and

- a defendant engaged in a pattern of activity involving prohibited sexual conduct.

Production of child pornography is a covered sex crime. *See* U.S.S.G. §4B1.5(b)(1), App. Note 2. Here, career offender guidelines do not apply and U.S.S.G. §4B1.5(a)(1) does not apply. Production of child pornography is also "prohibited sexual conduct." *See* U.S.S.G. §4B1.5(b)(1), App. Note 4. A "pattern of activity" is established if the defendant engages in the conduct on two occasions with a minor. *See* U.S.S.G. §4B1.5(b)(1), App. Note 5.

In this case, for the five level enhancement to apply, there must be the production of child pornography occurring on two or more occasions with a minor. Clarke sexually assaulted Victim 1 repeatedly when she was ages 5 through age 12. *See* PSR ¶ 4. During those 7 years, Clarke repeatedly raped her, vaginally, anally and orally, and photographed and videoed the abuse. *See* id. Therefore, Clarke created child pornography on more than two occasions with a minor. As a result, this enhancement was properly applied.

### D.  A Sentence of 840 Months Satisfies the Factors Set Forth in Title 18, United States Code, Section 3553(a).

In this case, the advisory guidelines call for a sentence of life in this case but the statutory maximum available here is 840 months. See PSR ¶ 95. The defendant seeks a downward variance, citing his difficult background. In light of the conduct in this case and under the factors set forth in Section 3553(a) of Title 18, a significant downward variance is unwarranted.

#### 1.  The Nature and Circumstances of the offense and the History and Characteristics of the Defendant

It is difficult to overstate the egregious nature of Clarke's conduct, it simply shocks the conscience. To mentally, emotionally, and physically manipulate a child from the age of 5 through the age of 12, bespeaks of true cruelty, particularly when considering Clarke's claims of

5

how his own abuse affected him. As a matter of common sense, evils committed upon a person as a child should give that person greater empathy for the effects of such evil. To assume that the challenges faced by the defendant in his life are somehow an excuse or justification for his crimes is offensive. Every individual faces challenges in their life, some more severe, some less severe – but no challenge provides any excuse, justification or mitigation for the types of offenses committed by Clarke. The victims of his crimes – the children depicted during the worst moments of their lives – are the ones who experience challenges beyond imagination.

While most child pornography offenses do not involve direct contact with the children in the images, Clarke's direct victimization requires increased punishment to reflect the seriousness of his offenses. His crimes were not isolated incidents, but rather a pattern of abuse. The nature and circumstances of these offenses – namely depraved sexual assaults that occurred over a period of time when he was a custodian or caregiver to not one but two victims – requires a substantial sentence to reflect the seriousness of the offense, serve the ends of justice and protect the community. Clarke's abuse of these young children is an abomination that has eroded these children's trust in men and the family unit. This Court cannot restore that trust. Rather, the Court can only demonstrate to these victims that the justice system views these crimes quite seriously and will give Clarke no opportunity to victimize any other children in the future.

The flagrancy of Clarke's conduct against his direct victims threatens to eclipse his other equally serious criminal acts – his horrific collection of child pornography, which included sexual assaults on children as young as infants by adults. Possessing these images is a serious offense, presenting a compelling interest at sentencing in protecting not just one or two children, but all children. As the Supreme Court states in *Osborne v. Ohio*:

> It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling … [T]he use

6

> of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of a child … It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing the demand.

495 U.S. 103, 109 (internal citations omitted); *see also, United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006) (substantiating the heightened guidelines for child pornography offenses by deferring to the findings of Congress, including the substantial danger presented by any pedophile, even if their conduct is simply trafficking in child pornography images).

Forensic examination confirmed that Clarke had produced, transported and/or possessed child pornography, some depicting (1) children as young as infants, (2) oral, anal, and vaginal penetration of infants, toddlers and prepubescent minors by erect adult penises, and (3) the surreptious filming of naked children. In other words, the subject matter of Clarke's collection and the kinds of images and videos he produced and collected render his offenses extremely dangerous.

### 2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.

Clearly, Clarke's offenses were serious, given that he sexually assaulted a minor female child from ages 5 through 12 and recorded it. In addition, each and every time he possessed and viewed an image of child pornography, he re-victimized that child. The harm caused by the proliferation of these child sexual abuse images is untold. The guidelines recommendation of 840 months reflects the seriousness of the defendant's crimes, promotes respect for the law, shows respect to the victims of these offenses and provides a just punishment for the crimes. Each and every one of defendant's victims is serving a life sentence because of the proliferation of these sexual assaults and abusive images.

Seventy years, while certainly a lengthy sentence, is not an outrageously high punishment given the egregious nature of the defendant's conduct. Clarke preyed on the most vulnerable population, innocent children. His actions caused the perpetuation of the sexual victimization of thousands of children. These children have been sentenced to a lifetime of victimization, trauma and suffering because of the virtually unspeakable acts done to them, memorialized and then kept to be replayed for his sexual gratification. No, seventy years, essentially a life sentence, is not outrageously high given that his direct victim suffers for life. An 840 month sentence is appropriate in this case.

### 3. The need for adequate deterrence to criminal conduct, and to protect the public from further crimes by the defendant.

Deterrence is extremely important in child exploitation cases. Unfortunately, the internet has made it impossible to ever take a sexual image of a child out of circulation. Once it is shared, the harm is done. Deterrence is one way to limit the harm. Deterrence is a tool used to attempt to deter the defendant and others from re-victimizing the children depicted in these pictures. The defendant is requesting this Court grant a variance from 840 months. Imposing a reduced sentence in a case like this will send an inappropriate message to the defendant and individuals sharing the same deviant sexual interest as the defendant – that their offensive behavior is not serious and the harm they cause is not real. A guideline sentence will adequately punish the defendant and deter others from using innocent children to fulfill their own deviant sexual interests.

Based on Clarke's direct abuse of Victim 1, and the nature of his vile child pornography collection, a sentence of 840 months satisfies the factors set forth in Title 18 U.S.C. 3553(a).

### III. CONCLUSION

For Victim 1 and Victim 2 and the countless other children Clarke victimized and who continue to be victimized each and every day because of his producing, transporting and possessing these vile images, the United States respectfully requests the Court sentence the defendant to a term of imprisonment of 840 months, followed by a lifetime of supervised release.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

Dated:  October 24, 2017           BY:   s/ Meredith A. Taylor
                                   MEREDITH A. TAYLOR
                                   Assistant United States Attorney
                                   Meredith.Taylor@usdoj.gov
                                   PA 205058
                                   228 Walnut Street, Suite 220
                                   Harrisburg, PA 17108
                                   Phone: 717-221-4482
                                   Fax:   717-221-2582

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:13-CR-259 |
| | ) | |
| v. | ) | (Judge Sylvia H. Rambo) |
| | ) | |
| **MICHAEL CLARKE** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on October 24, 2017, she served a copy of the foregoing

**GOVERNMENT'S SENTENCING MEMORANDUM**

by electronic filing to the person hereinafter named:

Stephanie Cesare, Esquire
slc@abomkutulakis.com

Crystal Bard
crystal_bard@pamp.uscourts.gov

                                              s/ Meredith A. Taylor
                                              Meredith A. Taylor
                                              Assistant U.S. Attorney